**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ELIZABETH RATHER,** | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO.:** |
| | § | **4:21-cv-3352** |
| **v.** | § | |
| | § | |
| **BRANDSAFWAY, LLC,** | § | **JURY DEMANDED** |
| *Defendant.* | § | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Elizabeth Rather (hereinafter "Plaintiff"), complaining of and about Brandsafway, LLC (hereinafter "Defendant"), and for cause of action shows unto the Court the following:

### I.      PARTIES

1.      Plaintiff Elizabeth Rather is a citizen of the United States and of the State of Texas and resides in Harris County, Texas.

2.      Defendant Brandsafway, LLC is a foreign limited liability company operating business in Pasadena, Texas in Harris County, Texas.

3.      Defendant Brandsafway, LLC may be served with process via certified mail return receipt requested by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

### II.      JURISDICTION

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: Title VII of the Civil Rights Act of 1964 (as amended) (which is

codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII") and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

5.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state claims that arise under the Texas Commission on Human Rights Act, which is codified in Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et seq. (hereinafter referred to as the "TCHRA"), because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

6.      Venue is proper in the Southern District of Texas - Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district where the Defendant's principal place of business exists.

### III.    NATURE OF THE ACTION

7.      This is an action brought pursuant to Title VII and the TCHRA to correct and recover for Defendant's unlawful sex/gender discrimination, hostile work environment, sexual harassment, retaliation, and to deter Defendant from continuing its unlawful and discriminatory employment practices.

### IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      On June 5, 2020, Plaintiff filed a dual Charge of Discrimination (Charge No. 460-2020-01496) with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and the Texas Workforce Commission (hereinafter referred to as the "TWC") against Defendant for sex/gender discrimination, sexual harassment, hostile work environment, and retaliation.

9.     Subsequently, the EEOC issued Plaintiff a Notice of Right to Sue, received on July 14, 2021. Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notices. Therefore, this lawsuit is timely filed.

## V.     FACTS

10.     Plaintiff was hired by Defendant on July 23, 2019 as a Timekeeper. Plaintiff had hopes to work in the safety department because she had a safety background and education.

11.     Sometime in September 2019, Defendant hired a new Timekeeper and moved Plaintiff into a field position in the safety department. Plaintiff's supervisor was now Andree Flores (hereinafter "Mr. A. Flores") and Plaintiff's manager was now Hugo Flores (hereinafter "Mr. H. Flores"). During this time, other employees told Plaintiff that they were surprised that she was working in the safety field because it was known that Mr. A. Flores never hired women in the safety field. Plaintiff was the only female employee in the safety department. However, Plaintiff wanted to be in the safety department and was determined to grow in her position.

12.     Sometime in September 2019, Plaintiff was required to shadow and train under Mr. H. Flores in order to be molded into a Safety Technician. Plaintiff did not have any work ethic issues as she came in and did her job each day without any complaints from management. Because of Plaintiff's great work ethic, she began to become a target of rumors by other male employees in various other departments. These rumors mainly included that Plaintiff was dating another employee.

13.     On December 2, 2019, the situation became worse. Ernest Cervantes (hereinafter "Mr. Cervantes") made blatant comments in front of management that Plaintiff was dating another employee. Plaintiff felt targeted because she was the only female employee in the safety

department. Being the only female employee in this specific department made Plaintiff an easy target for employees to single Plaintiff out.

14.     The next day, on December 3, 2019, Mr. H. Flores asked to speak with Plaintiff about the rumors that were being spread around the work place. Plaintiff immediately denied all rumors and explained to Mr. H. Flores that the other male employees were childish and were spreading false rumors about me. Mr. H. Flores told Plaintiff that "other male employees would not respect [her] because of the rumors" and "the rumors hurt [her] chances of becoming a Safety Technician." After this conversation, Plaintiff noticed that the work place behaviors of the other employees went back to normal for the next few days.

15.     On December 9, 2019, Plaintiff walked into a safety meeting. During the start of the meeting, the employee that Plaintiff was allegedly dating sat next to Plaintiff without consent from Plaintiff. After the meeting, Plaintiff returned to the field where Mr. H. Flores asked if I received his text message that stated he wanted her to host the safety meeting alone. Mr. H. Flores then stated "Well you would've known had you not been holding that other employee hand all morning." Plaintiff went on to conduct the safety meeting and after the meeting concluded, Mr. H. Flores stepped in and begun to speak about professionalism. During the speech, Mr. H. Flores targeted Plaintiff by saying "I am sick of everyone asking about Ms. Rather and another employee relationship." Mr. H. Flores continued to target Plaintiff.

16.     After the meeting, Plaintiff went to Brett Daigle (hereinafter "Mr. Daigle") to discuss the situation. Mr. Daigle told Plaintiff that she needed to speak to Mr. A. Flores and that if he did not handle the situation, to go to Human Resources. Prior to speaking with Mr. Daigle, Mr. A. Flores explicitly told Plaintiff that he did not want to be a part of Mr. H. Flores' actions. Plaintiff was nervous to approach Human Resources because she thought it would ruin her chances of becoming

a Safety Technician. However, after Mr. H. Flores failed to address the situation, Plaintiff felt inclined to speak with Human Resources representative, Sheyla Gonzalez (hereinafter Ms. Gonzalez"). Plaintiff explained to Ms. Gonzalez the situation with Mr. H. Flores and how she felt she was being targeted because she was a female in the safety department. Plaintiff also expressed her concerns about losing her job or not becoming a Safety Technician because of her complaints. Ms. Gonzalez reassured her that her complaints would not impact either. Additionally, Ms. Gonzalez stated she would get back to Plaintiff after she spoke with the Human Resources Area Manager, Jason Sprano (hereinafter Mr. Sprano).

17.     Immediately following the conversation with Ms. Gonzalez, Plaintiff began to notice her job scope slowly change. She was no longer allowed to eat lunch in the same location anymore and Mr. A. Flores started to require another person to be present during any conversation he had with Plaintiff. Mr. A. Flores told Plaintiff that she would no longer be doing any safety work or train for the Safety Technician position, but instead would remain in the field; passing material and helping demonstrate scaffolding techniques.

18.     While in the field, another employee, Vu, admitted that he fabricated jokes to Mr. H. Flores about Plaintiff and the other employee's relationship.

19.     On December 12, 2019, Mr. Sprano came to the job site to speak to Plaintiff about the situation and her concerns about moving into the Safety Technician position. Mr. Sprano told Plaintiff that he was the ultimate decision maker when it pertains to hiring a Safety Technician. Mr. Sprano recommended Plaintiff to take a couple of days off to clear her head and Plaintiff agreed to take December 13th through December 15th off.

20.     After Plaintiff returned to work, Plaintiff participated in the S&B event, Santa Train, in which PMT members passed out treats to workers as they went to lunch. Plaintiff was a PMT

member representing Defendant and it is a program where Plaintiff and other safety personnel conduct safety audits and speak about discoveries made. Typically, S&B provided lunch for all PMT members, but because of the event, they did not supply lunch for the members that day. Plaintiff asked someone to bring her food that day and asked Mr. A. Flores if she could drive to the 14plex, which was less than two (2) miles away from her location to retrieve her lunch food. After Plaintiff returned to the BRM, she noticed that Mr. A. Flores was waiting for her outside. Mr. A. Flores told her that his S&B contact called him and said that Plaintiff was on her phone while driving. Mr. A. Flores said it was his word against her word and for that reason, Mr. A. Flores terminated Plaintiff on the spot. Plaintiff had used the company truck for five (5) to six (6) month prior to being terminated without any prior issues. Coincidentally, within two (2) weeks of Plaintiff making complaints about discriminatory treatment, she was terminated on the spot without any chance to defend herself. Plaintiff is aware of a situation where a male employee, Jose Quintana, was accused of using his cell phone while driving a company car and he was not terminated.

## VI.   CAUSES OF ACTION

### CLAIM 1 – SEX/GENDER DISCRIMINATION PURSUANT TO TITLE VII

21.   Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

22.   Plaintiff is a female, which in the situation described above and for the purposes of Title VII, makes Plaintiff a member of a protected class.

23.   Plaintiff was clearly qualified for the Safety Technician position with Defendant, which the absence of any disciplinary or similar record will show.

24.    Plaintiff was treated differently from other employees because of Plaintiff's sex (i.e. female).

25.    No action was ever taken by Defendant to remedy or stop the harassing behavior of towards Plaintiff.

26.    As such, Defendant discriminated against Plaintiff on the basis of sex by taking an adverse employment action against Plaintiff, which action was never taken against similarly situated non-members of Plaintiff's protected class.

## CLAIM 2 – HOSTILE WORK ENVIRONMENT AND HARASSMENT

27.    Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

28.    Through its unlawful and discriminatory employment practices including sex/gender discrimination, hostile work environment, sexual harassment, and retaliation, Defendant subjected Plaintiff to a hostile work environment.

29.    Therefore, Plaintiff was discriminated against by Defendant by being subjected to hostile work environment, contrary to the applicable law of the United States, as interpreted in the relevant precedent of the Supreme Court and the Fifth Circuit.

30.    Plaintiff was also subjected to unwelcome sexual harassment at the hands of Mr. H. Flores in workplace.

31.    Mr. H. Flores' harassing behavior was severe, persistent, and repetitive, which subjectively caused Plaintiff to suffer unwarranted stress in the workplace and objectively goes beyond what a reasonable person would find tolerable.

32.    Mr. H. Flores' harassing behavior was directed at Plaintiff solely because Plaintiff was a female.

33.     Mr. H. Flores' harassment not only negatively affected Plaintiff's wellbeing at work, but eventually resulted in Plaintiff's termination.

## CLAIM 3 – RETALIATION PURSUANT TO TITLE VII

34.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

35.     Defendant intentionally retaliated against Plaintiff because of the complaints of sex/gender discrimination, hostile work environment, sexual harassment, and retaliation made to Defendant in violation of Title VII.

## CLAIM 4 – RETALIATION PURSUANT TO TCHRA

36.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

37.     Plaintiff engaged in protected activity by making complaints to Sheyla Gonzalez in December 2019 regarding the situation with Mr. H. Flores and how she felt she was being targeted because she was a female in the safety department.

38.     Plaintiff was terminated in a close proximity in time to her protected activity, which are causally related.

39.     Defendant intentionally retaliated against Plaintiff because of the complaints of sex/gender discrimination, hostile work environment, sexual harassment, and retaliation made to Defendant in violation of the Texas Labor Code § 21.055.

## VII.   <u>JURY DEMAND</u>

40.     Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee.

## VIII.   **PRAYER**

41.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

  a.   All damages to which Plaintiff may be entitled pursuant to this Complaint;

  b.   Compensatory damages, including, but not limited to, emotional distress;

  c.   Past, present, and future physical pain and mental suffering;

  d.   Punitive damages;

  e.   Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

  f.   Pre-judgment interest at the highest rate permitted by law;

  g.   Post-judgment interest from the judgment until paid at the highest rate permitted by law;

  h.   Costs of Court; and

  i.   Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully Submitted,

kennard law P.C.

Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Southern District No.: 713316
Eddie Robert Hodges, Jr.
Texas Bar No.: 24116523
Southern District No.: 3479748
5120 Woodway Dr., Ste. 10010
Houston, Texas 77056

Tel.: (713) 742-0900
Fax: (832) 558-9412
alfonso.kennard@kennardlaw.com
eddie.hodges@kennardlaw.com

**ATTORNEYS FOR PLAINTIFF**